IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD J. HROBUCHAK and :
LAURIE HROBUCHAK :
    Plaintiffs :
: **CIVIL ACTION NO. 3:03-544**
v. :
: (JUDGE NEALON)
MTD PRODUCTS, INC., ET. AL., :
:
:
    Defendants :

**MEMORANDUM AND ORDER**

Presently before the court is the Plaintiffs' Motion to Bifurcate liability from damages at the trial scheduled for Monday, May 2, 2005. (Doc. 106). The matter has been fully briefed. For the reasons stated below, the court will grant the Plaintiffs' Motion to Bifurcate.

The action arises from a July 20, 2001 accident in which Plaintiff, Richard Hrobuchak, was injured while allegedly unloading a Cub Cadet garden tractor from a trailer. Plaintiffs aver that while Plaintiff husband was unloading the Model 3184 Cub Cadet Garden Tractor from the trailer, it freewheeled due to a defective rear wheel hub, striking him and causing his injuries.[1] The Defendants initially filed a Motion to Bifurcate Liability and Damages on October 26, 2004. (Doc. 62). In support of their motion that bifurcation would conserve time and judicial resources Defendants claimed the Plaintiffs would be presenting

---

[1] Defendants' expert, Gunter Plamper, opined that a manufacturing defect existed but causation is disputed.

six (6) witnesses on damages and that the Defendants would be calling two (2) witnesses on the issue of damages. (Doc. 62, p.3). It remained unclear after briefing whether Plaintiffs' intended six (6) witnesses included Mr. Hrobuchak, his father, Jeff LaCoe and Dr. Ralph DeMario, or if these witnesses were additional witnesses. (Doc. 100, pp. 7-8). The court denied Defendants' Motion to Bifurcate explaining that "it is unclear whether the six damage experts noted by Defendants include any of the four listed above but, if not, it obviously causes pause." Noting the practice of listing more witnesses than will actually be called the court further explained that it would temporarily assume that fewer witnesses would actually testify. However, the court noted if this assumption proved erroneous that Defendants could renew their motion at the pretrial conference.

In fact Defendants orally renewed their motion at the pre-trial conference on April 21, 2005. At that conference, Plaintiffs informed the Court that they would call six (6) witnesses to testify on damages alone. Defendants, contrary to their earlier representations that only two (2) damages witnesses would be called, now identified seven (7) witnesses who would offer testimony on damages alone. Specifically, the Defendants planned to call two (2) sales representatives, two representatives from Conseco, Dr. Altschuler, Meg Holland, and an unidentified physical therapist. Initially, Plaintiffs opposed Defendants' renewed motion but later considered concurring in the motion. At that point, Defendants reconsidered and decided to withdraw their motion. Subsequently Plaintiffs adopted Defendants' original position on the benefit of bifurcation and presented their own motion to bifurcate. This sudden switching of attitudes on the part of both parties is unusual to say the least.

2

## **DISCUSSION**

Federal Rule of Civil procedure 42(b) provides, in relevant part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trial will be conducive to expedition and economy, may order a separate trial ... of any separate issue ... or issues, always preserving inviolate the rights of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

F.R.C.P. 42(b).

Whether to bifurcate is a "mater to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." Lis v. Robert Packer Hosp., 579 F. 2d 819, 824 (3d Cir. 1978). The party seeking bifurcation has the burden of demonstrating that judicial economy would be promoted and that no party would be prejudiced by separate trials. Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D. Cal. 1992). Before a decision to bifurcate may be made, the trial court must weigh the various consideration of convenience, prejudice to the parties, expedition, and economy of resources. Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19, 22 (3d Cir. 1984) *citing* Lis.

Since numerous witnesses and extensive testimony are anticipated solely on the issue of damages, the bifurcation of the instant case will promote judicial economy. Additionally, except for Defendants' claim of need to reshuffle schedules of some unidentified witnesses, there has been no showing that bifurcation will prejudice the parties. Defendants' claim of prejudice rings hollow inasmuch as on April 21st they were initially pursuing bifurcation. While I may have requested the parties to attempt to agree or disagree on bifurcation because of some anticipated scheduling problems, I have absolutely no recollection of ever requiring

mutual consent as a condition to a consideration of the issue.    Accordingly, the court will bifurcate the above case and permit evidence of damages to be presented only upon a finding of liability on the part of Defendants.

Date:  April 27, 2005            s/    William J. Nealon            
                                 United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD J. HROBUCHAK and : 
LAURIE HROBUCHAK, 
:
    Plaintiffs :
: **CIVIL ACTION NO. 3:03-544**
v. :
: (JUDGE NEALON)
MTD PRODUCTS, INC., ET. AL., ::
:
    Defendants :

**ORDER**

**AND NOW**, this 27th day of April, 2005, **IT IS HEREBY ORDERED THAT**

Plaintiffs' Motion to Bifurcate is GRANTED.

                              /s William J. Nealon
                              United States District Judge